UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE R. ATKINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINDSOR EL CAMINO CARE CENTER and HEALTHCARE SERVICES GROUP, INC.,<br><br>　　　　Defendants. | No. 2:20-cv-02086 KJM AC PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I.  SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

1  Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint
2  must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the
3  reason the case is filed in this court, rather than in a state court), (2) a short and plain statement
4  showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and
5  (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth
6  simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
9  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
10  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
11  plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von
12  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
13  denied, 564 U.S. 1037 (2011).

14  The court applies the same rules of construction in determining whether the complaint
15  states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
16  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
17  construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
18  less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
19  (1972). However, the court need not accept as true conclusory allegations, unreasonable
20  inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
21  624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
22  to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
23  556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must
24  allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at
25  570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
26  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
27  Iqbal, 556 U.S. at 678.
28  ////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff, a California resident, is suing two defendants: (1) Windsor El Camino Care Center ("Windsor"), and (2) Healthcare Services Group, Inc.  ECF No. 1 at 2.  Plaintiff alleges that Windsor is located in Carmichael, California, and Healthcare Services Group, Inc. is located in Bensalem, Pennsylvania.  Id.  Plaintiff alleges this court has diversity jurisdiction because the amount in controversy is over $75,000.  Id. at 5.  Plaintiff claims that defendant Windsor failed to pay a "Promissory Note of demand."  Id.  Plaintiff's only cause of action is breach of contract.  Id. at 7.

## III.  ANALYSIS

This court does not have jurisdiction over this case.  Federal courts have limited jurisdiction, and whether jurisdiction exists is a question that must be answered before a case can move forward.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Here,

plaintiff's complaint alleges that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), and plaintiff brings only state law claims. The diversity jurisdiction statute, 28 U.S.C. § 1332, provides that district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state...as plaintiff and citizens of a State or of different States." "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Plaintiff's complaint states that he is a citizen of California, and that defendant Windsor is a resident of California. ECF No. 1 at 2. A corporation is "a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The allegations of the complaint thus establish that plaintiff and defendant Windsor are citizens of the same state. Accordingly, the complaint fails to establish this court's jurisdiction over this action pursuant to 28 U.S.C. § 1332. To the contrary, the allegations of the complaint defeat diversity.

Accordingly, there is no federal jurisdiction and this case must be dismissed. The undersigned further recommends that leave to amend not granted in this instance because the facts alleged establish that there is no federal jurisdiction, and therefore the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

## IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 21, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE